# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:17-cv-00042-PPS-SLC |
| ) | |
| WINDSOR HOMES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On February 1, 2017, Plaintiff Westfield Insurance Company filed a complaint against Defendants, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *See Chase v. Shop'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). In the complaint, Plaintiff alleges that the members of Defendant Design Basics, LLC, "are individuals who are citizens of, and reside in the States of Nebraska and Texas." (DE 1 ¶ 1.7).

These jurisdictional allegations are inadequate. Plaintiff cannot merely allege a "naked declaration that there is diversity of citizenship" in its complaint. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court must be advised of the name of each member of Design Basics, LLC, and such member's citizenship. *See, e.g, Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes).

Therefore, Plaintiff is ORDERED to supplement the record on or before February 17, 2017, by filing an amended complaint that properly alleges the citizenship of all of the parties, tracing such citizenship through all applicable layers of ownership.

SO ORDERED.

Entered this 3rd day of February 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge